UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CLARENCE CHRISTIANSEN,<br><br>　　　　　Plaintiff-Relator,<br><br>v.<br><br>THE HEALING CORNER, LLC.<br><br>　　　　　Defendants. | Case No. _____<br><br>**FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**<br><br>**JURY TRIAL DEMANDED** |

**RELATOR'S COMPLAINT PURSUANT TO THE
FEDERAL FALSE CLAIMS ACT, 31 U.S.C. §§ 3729 ET SEQ.**

1.  Relator Clarence Christiansen ("Relator") brings this action on behalf of the United States of America against the Heating Corner, LLC ("Defendant" or the "Healing Corner") for violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*. Relator brings this action to recover all damages, civil penalties, and other relief available under the FCA relating to the unlawful billing of government-funded healthcare programs, including Medicaid.

**NATURE OF THE CASE**

2.  This *qui tam* action is based on false billing records or statements and false claims presented by Defendant to the United States. Specifically, this case involves Defendant's practice of willfully and intentionally falsifying billing statements and records to fraudulently obtain payments from Medicaid for substance abuse treatments that were not actually administered to the patients who were billed for such treatments.

3.  Defendant routinely prescribes and orders substance abuse treatment injections and, upon information and belief, received, but never administered injections to at least one patient for whom the injections were prescribed. Defendant billed Medicaid on behalf of the patient for the injections, but failed to administer the injections.

4. By making false records and statements and subsequently submitting such false claims to the government for payment, Defendant has knowingly violated the FCA.

## THE PARTIES

5. The Healing Corner is a limited liability company organized under the laws of the State of Wisconsin, with its principal office located at 19115 W Capitol Drive, Suite 117, Brookfield, Wisconsin 53045. Upon information and belief, the Healing Corner provides treatment for opioid addition, including medical assisted treatment, behavioral health services, and family services.

6. The United States of America is a plaintiff to this action. This *qui tam* action is brought on behalf of the United States pursuant to the FCA based on Defendant's wrongful conduct as alleged herein, including but not limited to Defendant's illegal practice of making false statements and causing false claims to be presented to the United States government through the government's employees, agents and contractors.

7. Relator Clarence Christiansen is an individual residing in Mequon, Wisconsin. Relator is the step-father to Samuel Passow ("Passow"), a former patient at the Healing Corner. Passow received treatment from the Healing Corner from February 2016 to April 2016. Relator has power of attorney for Passow and has been instrumental in conversing with the Healing Corner regarding the latter's billing on Passow's case. Relator has first-hand knowledge of the Healing Corner's billing practices as it pertains to Passow's case as well as the facts alleged herein, which are the basis for the Relator's assertions that the Healing Corner violated the FCA.

8. Relator has standing to bring this action under the FCA based on 31 U.S.C. § 3730 (b)(1).

9. Relator's Complaint is not based on the public disclosure of any of the allegations or transactions discussed herein. Relator is not aware that there has been any public disclosure of the allegations or transactions described herein as part of any federal criminal, civil, or administrative hearing in which the government or its agent was a party; in any congressional, Government Accountability Office, or other federal report, hearing, audit, or investigation; or from the news media. Relator is an original source of the information that forms the basis for this lawsuit. Relator has personal, first-hand knowledge of such information, and his knowledge is independent of and materially adds to whatever information, if any, may have been publicly disclosed regarding the matters alleged herein.

10. Prior to filing this action, Relator submitted a Relator Statement to the United States government, pursuant to which he voluntarily disclosed the facts, transactions and information that form the basis for this case.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction and personal jurisdiction over the Defendant pursuant to the FCA, including 31 U.S.C. § 3732(a) and (b). In addition, jurisdiction exists based on 28 U.S.C. §§ 1331 and 1345.

12. Venue is appropriate pursuant to 31 U.S.C. § 3732(a) because, at all material times, the Healing Corner transacted substantial business in this judicial district.

## THE FEDERAL FALSE CLAIMS ACT

13. The FCA provides, *inter alia*, that any person who (1) "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," or (2) "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or

fraudulent claim," is liable to the United States Government for various relief, including but not limited to civil monetary penalties and treble damages. 31 U.S.C. § 3729(a)(1)(A)-(C).

14. The terms "knowing" and "knowingly" are defined by the FCA to mean "that a person, with respect to information (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A)(i)-(iii). Proof of specific intent to defraud is not required. 31 U.S.C. § 3729(b)(1)(B).

15. For purposes of the FCA, the term "claim" means "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government (I) provides or has provided any portion of the money or property requested or demanded; or (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded..." 31 U.S.C. § 3729(b)(2)(A)(i)-(ii).

16. The term "material" as used in the False Claims Act "means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4).

## STATEMENT OF FACTS

17. Passow received treatment at the Healing Corner for substance abuse between February 01, 2016 and April 01, 2016. Attached at **Exhibit A** is a copy of Passow's certified medical records from the Healing Corner confirming Passow's dates of treatment. During this

4

period, Passow was enrolled in Medicaid, through Wisconsin's Forward Health Medicaid Management Information System. Upon information and belief, the Healing Corner billed Medicaid for all treatment provided and allegedly provided to Passow.

18. As part of Passow's treatment for opioid abuse, the Healing Corner ordered and administered shots of Vivitrol, a medication primarily used for the treatment of alcohol or opioid dependence.[1] When prescribing Vivitrol to patients, the Healing Corner prescribes the injection and orders the drug from the Prescription Plus Good Value Pharmacy, located at 10233 W. Greefield Ave., West Allis, Wisconsin 53214 ("Prescription Plus"). The Healing Corner receives the medication from Prescription Plus and bills Medicaid under that patient for such injections. Upon information and belief, the Healing Corner retains the medication until it is administered.

19. From February 1, 2016 to April 1, 2016, Passow received 3 shots of Vivitrol, in addition to counseling and other treatments from the Healing Corner. The Healing Corner administered Vivitrol injections to Passow on February 1, 2016, February 22, 2016, and April 1, 2016. Passow did not return to the Healing Corner after April 1, 2016.

20. The Healing Corner informed Relator that these three injections were provided without cost to Passow because the Healing Corner often received free Vivitrol samples and provided such services free of charge.

21. After termination of Passow's treatment at the Healing Corner on April 1, 2016, the Healing Corner continued to prescribe, order, and bill Medicaid for Vivitrol injections for Passow. The Healing Corner ordered five more Vivitrol injections under Passow's name and billed Medicaid for these five injections. The Healing Corner did not administer any of these five injections to Passow.

---

[1] Vivitrol is the brand name for the drug Naltrexone. Naltrexone is sold under the brand names Vivitrol and ReVia.

22. Upon information and belief, the Healing Corner, under Dr. Siamak Arassi, prescribed, ordered, and received the following Vivitrol injections from Prescription Plus through prescriptions for Passow:

   a. First Injection
      i. Ordered April 1, 2016
      ii. Delivered to the Healing Corner on April 6, 2016
      iii. Signed for by Jenny Urbas at the Healing Corner
   b. Second Injection
      i. Ordered May 24, 2016
      ii. Delivered to the Healing Corner on May 25, 2016
      iii. Signed for by Jenny Urbas at the Healing Corner
   c. Third Injection
      i. Ordered June 13, 2016
      ii. Delivered to the Healing Corner on June 15, 2016
      iii. Signed for by Ashley Kamemick at the Healing Corner
   d. Fourth Injection
      i. Ordered July 6, 2016
      ii. Delivered to the Healing Corner on July 7, 2016
      iii. Signed for by Patricia Marrow at the Healing Corner
   e. Fifth Injection
      i. Ordered July 25, 2016
      ii. Delivered to the Healing Corner on July 26, 2016
      iii. Signed for by Patricia Marrow at the Healing Corner

23. Attached at **Exhibit B** are receipts signed by employees of the Healing Corner demonstrating that the Healing Corner received the above-referenced Vivitrol injections prescribed under Passow's name. The Healing Corner billed Medicaid, under Passow, for each injection even though Passow had stopped receiving treating after April 1, 2016.

24. Passow did not receive any of these injections and was not receiving treatment at the Healing Corner at the time they were delivered to the Healing Corner.[2] In fact, Passow was incarcerated from June 24, 2016 until August 6, 2016 making it impossible for the Healing Corner

---

[2] The first fraudulent injection prescription was ordered on April 1, 2016, the date of Passow's last treatment at the Healing Corner. That injection was not delivered to the Healing Corner until April 6, 2016, five days after Passow ceased treatment. The remaining four injections were both ordered and delivered after Passow stopped treatment.

6

to have seen Passow or to have prescribed three of these five shots to Passow. Attached at **Exhibit C** is the Wisconsin CCAP docket heet demonstrating Passow's incarceration during this period.

25. The Healing Corner billed Passow, through Medicaid, for each of these injections that were not administered to Passow. Attached at **Exhibit D** is the Explanation of Benefits from Forward Health, showing that the Healing Corner billed Medicaid for these injections.

26. In 2019, Medicaid contacted Passow and informed him that beginning in May 2016, he no longer qualified for Medicaid due to his increased salary.[3] Consequently, Passow was ordered to repay to Medicaid the cost of the Vivitrol injections allegedly administered to Passow by the Healing Corner from May 2016 to August 2016. The cost of these injections totaled $5,915.00.

27. Relator, through a power of attorney, has worked on Passow's behalf to prove to Medicaid that Passow never received the injections billed by the Healing Corner.

28. The Healing Corner billed Medicaid for five Vivitrol injections under Passow's name after Passow ended treatment. The Healing Corner ordered and received these injections, but never administered those injections to Passow. Upon information and belief, the Healing Corner fraudulently prescribed these five injections to Passow, knowing that he no longer was receiving treatments from the Healing Corner. Further, upon information and belief, the Healing Corner knowingly and fraudulently charged Medicaid under Passow's name for these five Vivitrol injections, ordered the injections from Prescription Plus, and received and retained these injections.

29. Upon information and belief, the Healing Corner knowingly continued to fraudulently prescribe Vivitrol injections to a former patient so that it could fraudulently bill Medicaid while retaining the falsely prescribed injections.

---

[3] Medicaid in Wisconsin is also known as BadgerCare. In April 2016, Passow began a new job that paid him higher than the maximum salary allowed for Medicaid.

30. Upon information and belief, the Healing Corner routinely bills Medicaid for injections and other medications that are never administered to the individual for whom the medications are prescribed. By presenting and using such false and fraudulent claims, the Healing Corner is defrauding Medicaid, a program that is funded jointly by the United States and the State of Wisconsin.

31. Each time the Healing Corner submitted a false claim or bill to Medicaid seeking reimbursement for services that were not actually performed, the Healing Corner committed a violation of the False Claims Act. Furthermore, each creation of false billing records used in making false claims to the United States constitutes an additional violation of the False Claims Act.

## COUNT I
## False Claims Act
## 31 U.S.C. § 3729(a)(1)(A)

32. Relator hereby incorporates and realleges the allegations contained in the paragraphs above as though fully set forth herein.

33. The Healing Corner knowingly submitted and caused the submission of false or fraudulent claims and requests for payment to the agents, employees and contractors of the United States in violation of 31 U.S.C. §3729(a)(1)(A).

34. By virtue of these knowingly false and fraudulent claims, the United States has suffered actual damages and is entitled to recover treble damages and civil penalties for each false claim presented, together with an award of attorneys' fees, costs, disbursements and all other relief available under the FCA and applicable law.

35. As allowed pursuant to the FCA, Relator is entitled to a portion of any recovery obtained in this matter, together with his attorneys' fees, costs, disbursements and all other relief available under applicable law.

8

## COUNT II
## False Claims Act
## 31 U.S.C. § 3729(a)(1)(B)

36. Relator hereby incorporates and realleges the allegations contained in the paragraphs above as though fully set forth herein.

37. The Healing Corner knowingly made, used, or caused to be made or used, false records or statements that were material to false or fraudulent claims presented to the United States in violation of 31 U.S.C. §3729(a)(1)(B).

38. By virtue of the false or fraudulent records and statements described herein, the United States has suffered actual damages and is entitled to recover treble damages and a civil penalty for each false claim or other violation of the FCA, together with an award of attorneys' fees, costs, disbursements and all other relief available under the FCA and applicable law.

39. As allowed by the FCA, Relator is entitled to a portion of any recovery obtained in this matter, together with his attorneys' fees, costs, disbursements and all other relief available under applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Relator hereby demands, on his own behalf and on behalf of the United States, that judgment be entered in Plaintiffs' favor and against Defendant for the maximum amount of damages and all other relief available for each of the causes of action and Counts set forth above. Such relief includes but is not limited to treble damages and civil penalties, together with all other relief available by statute or under common law.

Further, Relator requests that he receive the maximum amount permitted by law regarding any proceeds obtained or any settlements collected by the United States, together with Realtor's reasonable expenses in this litigation, including all allowable attorneys' fees and costs. Relator also requests that his award be based upon the full and entire value (tangible and intangible) of any

recoveries obtained, including any amounts received or recovered by the United States from individuals or entities who are not parties to this action.

Realtor hereby demands a trial by jury in this matter as provided by Federal Rule of Civil Procedure, Rule 38 to the fullest extent allowed by law.

Dated: November 12, 2019.

**O'NEIL CANNON HOLLMAN DEJONG & LAING S.C.**
Attorneys for Plaintiff/Relator, Clarence Christiansen

/s/ Douglas P. Dehler
Douglas Dehler
douglas.dehler@wilaw.com
Christopher B. Keeler
chris.keeler@wilaw.com
111 East Wisconsin Avenue, Suite 1400
Milwaukee, WI 53202
(414) 276-5000