# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA, ex rel
CLARENCE CHRISTIANSEN and

THE STATE OF WISCONSIN,

        Plaintiffs,

        v.                      Case No. 19-CV-1791

HEALING CORNER, LLC, and
DR. SIAMAK ARASSI,

        Defendants.

## ORDER ON MOTION TO INTERVENE

The relator initiated this case on behalf of the United States by filing a complaint on December 6, 2019 alleging that The Healing Corner, LLC submitted false claims for payments to the Wisconsin Medicaid Program in violation of the United States False Claims Act, 31 U.S.C. §§ 3729–3733. (Docket # 1.) The State of Wisconsin moves to intervene as a plaintiff in this action pursuant to Fed. R. Civ. P. 24(a) or alternatively, under Rule 24(b). (Docket # 28.) The State has filed a proposed complaint as required by Rule 24(c). (Docket # 30.) Neither the United States nor the relator object to the State's motion. (Docket # 29 at 3.) For the reasons stated below, the State's motion is granted.

Fed. R. Civ. P. 24(a) allows a party to intervene as a matter of right where the moving party establishes that: "(1) [the motion] to intervene [was] timely; (2) they possess an interest related to the subject matter of the . . . action; (3) disposition of the action threatens to impair that interest; and (4) the [parties] fail to represent adequately their

interest." *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007) (internal citation and quotations omitted). "A motion to intervene as a matter of right . . . should not be dismissed unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995) (internal quotation and citation omitted).

As to timeliness, there is no specific time limit in Rule 24(a); however, the State contends that it was unaware of this action until April 2022 when the Court granted the United States' motion to partially lift the seal to permit disclosure of the complaint to the State of Wisconsin. (Docket # 21.) The State further argues that on May 18, 2022, the United States filed a Notice of Intervention (Docket # 24) and that the United States and the State jointly investigated the defendants' conduct at issue in this matter and drafted a joint complaint (Docket # 29 at 5). Under these circumstances, I find that the State's motion to intervene, filed less than six months after the State became aware of the complaint and investigation, is timely.

Further, the State has an interest related to the subject matter of this action. The defendants are alleged to have defrauded the Wisconsin Medicaid Program, a joint federal-state program that provides health care benefits for the poor, disabled, and others. (Proposed Compl. in Intervention ¶¶ 7, 16.) While the United States contributes a portion of each state's Medicaid budget, the State pays the remainder. 42 U.S.C. § 1396d(b). During the relevant timeframe, the State contributed approximately forty percent of Wisconsin's Medicaid budget. (Docket # 29 at 6.) Thus, any claims submitted to Wisconsin's Medicaid program by the defendants economically impacted both the United States and the State of Wisconsin.

Also, disposition of this action threatens to impair the State's interest. "Rule 24 does not require a proposed intervenor to prove standing, but only that, as a practical, not legal matter, its interest could be impaired." *Habitat Educ. Ctr., Inc. v. Bosworth*, 221 F.R.D. 488, 492–93 (E.D. Wis. 2004). In this case, because the defendants are alleged to have defrauded the Wisconsin Medicaid Program—a program that the State pays approximately forty percent of its budget—a finding in favor of the defendants would harm the State's economic interests.

Finally, the current parties fails to adequately represent the State's interests. While the United States and the State of Wisconsin jointly fund the State's Medicaid Program, the United States is suing on its own behalf for its share of the monies paid. Wisconsin is a separate sovereign that has an interest in protecting the share of its monies paid as well as enforcing the state laws and regulations implicated by the defendants' alleged actions.

Finding that the State has meet the four criteria under Rule 24(a) to intervene as a matter of right, the State's motion is granted.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 30th day of September, 2022.

BY THE COURT

_____

NANCY JOSEPH
United States Magistrate Judge

3