# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CLARENCE CHRISTIANSEN and THE STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> THE HEALING CORNER, LLC and DR. SIAMAK B. ARASSI, <br><br> Defendants. | Case No. 19-CV-1791-JPS <br><br><br> **ORDER** |

On December 6, 2019, Relator Clarence Christiansen filed this action under seal, alleging Defendant The Healing Corner, LLC violated the False Claims Act, 31 U.S.C. § 3279 *et seq.*, by submitting billing statements to Medicaid for reimbursement of substance abuse treatments which were never actually administered. ECF No. 1. The United States filed a notice of intervention on May 18, 2022 and the case was unsealed. ECF Nos. 24–26. The United States subsequently filed its complaint in intervention on September 28, 2022. ECF No. 30.

This complaint lists as Defendants both The Healing Corner, LLC and Dr. Siamak Arassi (collectively, "Defendants") and avers that Dr. Arassi was the CEO and registered agent of The Healing Corner and the "sole physician" operating the clinic, and "oversaw [its] day-to-day operations." *Id.* at 2. The complaint alleges that Defendants violated the False Claims Act as well as the Wisconsin False Claims Statute, Wis. Stat. § 49.485, and the Wisconsin Medical Assistance Fraud Statute, Wis. Stat.

§ 49.49(4m).[1] *Id.* at 1. The State of Wisconsin was permitted to intervene in this action on September 30, 2022. ECF No. 36. The United States and the State of Wisconsin will be collectively referred to in this Order as the "Intervening Plaintiffs."

Defendants were served with the Intervening Plaintiffs' complaint on October 3, 2022. ECF Nos. 39–40.[2] Defendants did not formally appear or otherwise defend this action within the time provided by the Federal Rules of Civil Procedure. Consequently, the Clerk of the Court, upon Intervening Plaintiffs' application, entered default against Defendants on November 4, 2022.

Presently before the Court is Intervening Plaintiffs' motion for entry of default judgment against Defendants, filed on December 1, 2022. ECF No. 45. Defendants did not oppose the motion for default judgment within the applicable time period. Civ. L.R. 7(b). However, before the Court will

---

[1] The United States' complaint also lists a claim of unjust enrichment. ECF No. 30 at 21–22.

[2] Magistrate Judge Nancy Joseph, to whom this case was originally assigned, granted Plaintiffs' motion to serve Defendants via email. ECF No. 37.

Plaintiffs requested authorization of alternative service due to Defendant Arassi "ha[ving] left the country, at least in part in order to avoid this litigation," and the United States "ha[ving] been unable to determine an address for him." ECF No. 31 at 1. Plaintiffs averred that Dr. Arassi "continue[d] to email counsel for the United States, oftentimes regarding the instant litigation," from his personal and professional email addresses. *Id.* at 1–2.

In their motion for authorization for alternative service, Plaintiffs acknowledged that Defendant The Healing Corner, LLC was represented by counsel in settlement negotiations up to and through August 2022. ECF No. 32 at 3–4. Indeed, Attorney Stacy Gerber Ward signed a filing as this Defendant's attorney, ECF No. 26 at 3, but never entered a formal notice of appearance in this case. Settlement negotiations ultimately proved unsuccessful, and it appears that Dr. Arassi had fired Attorney Gerber Ward as of September 1, 2022. ECF No. 32 at 3.

treat the motion as unopposed, *see id.*, the Court examines whether Intervening Plaintiffs have abided by the requirements of Federal Rule of Civil Procedure 55. *See Swaim v. Moltan Co.*, 73 F.3d 711, 716 (7th Cir. 1996) (describing the "district court's institutional position as the forum best equipped for determining the appropriate use of default").

Intervening Plaintiffs have not indicated that the motion for default judgment was ever served on Defendants. Rule 55 requires that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before [a] hearing [thereon]." Fed. R. Civ. P. 55(b)(2); *see also e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 600–02 (7th Cir. 2007) (discussing Rule 55's requirement that a defaulting party who has appeared be served with written notice of an application for default judgment).

It appears from their motion for default judgment that Intervening Plaintiffs assumed, without explaining, that Defendants in this action never "appeared" within the meaning of Rule 55, and therefore were not entitled to any notice of the motion for default judgment under the same rule. However, the meaning of "appeared" in this rule has been held to encompass "ma[king] some presentation or submission to the district court in the pending action." *Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 230 (7th Cir. 1991) (italics removed) (also noting that only appearing in informal settlement negotiations was *not* an "appearance" under Rule 55); *see also U.S. v. Melichar*, 56 F.R.D. 49, 50 (E.D. Wis. 1972) (finding that "attorneys' participation in the formal stipulations extending the time to answer constituted an 'appearance'"); *S.E.C. v. Getanswers, Inc.*, 219 F.R.D. 698, 700 (S.D. Fla. 2004) (noting that "the defendant does not have

to make a formal appearance to trigger the notice requirement," and rather "must manifest a clear intention to defend"); *see also generally* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2686 (4th ed. 2022).

As noted *supra* note 2, an attorney for Defendant The Healing Corner, LLC signed at least one submission—a stipulation to extend the time for the United States to file its complaint in intervention, ECF No. 26—on behalf of this Defendant, and represented it in settlement negotiations. Without further briefing from Intervening Plaintiffs on the matter of whether this constitutes an "appearance" under Rule 55 and accordingly whether the motion for default judgment should have been served on Defendants, it is not appropriate, at this juncture, for the Court to treat the motion as unopposed or reach its merits. *See Swaim*, 73 F.3d at 716. The Court will therefore deny without prejudice the Intervening Plaintiffs' motion for default judgment. Intervening Plaintiffs may refile the motion at any time; any refiled motion should address whether the motion was served on Defendants or, if service of the motion is not made, why it is not required under Rule 55 and applicable case law.

Accordingly,

**IT IS ORDERED** that Intervening Plaintiffs' motion for default judgment, ECF No. 45, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 29th day of December, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge