# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE HEALING CORNER, LLC and DR. SIAMAK B. ARASSI,<br><br>Defendants,<br><br>and<br><br>WISCONSIN DEPARTMENT OF HEALTH SERVICES, ANTHEM BLUE CROSS & BLUE SHIELD OF WISCONSIN, ICARE INDEPENDENT CARE HEALTH PLAN, MOLINA HEALTHCARE OF WISCONSIN, and UNITEDHEALTHCARE OF WISCONSIN,<br><br>Garnishee-Defendants. | Case No. 19-CV-1791-JPS<br><br>**ORDER** |

In this civil action, The Healing Corner, LLC and Dr. Siamak B. Arassi (together, "Defendants") were sued for violations of the False Claims Act, 31 U.S.C. § 3279 *et seq.* and other statutes. *See generally* ECF No. 30 (United States' complaint in intervention, which serves as the operative complaint). On February 28, 2023, the Court entered default judgment against Defendants in the total amount of $2,346,545.78. ECF Nos. 55, 56.

Pursuant to 28 U.S.C. § 1961(a), interest on the judgment has accrued at the rate of 5.060%.

The United States now seeks to collect the judgment and has filed an Application for Writ of Garnishment to Wisconsin Department of Health Services, Anthem Blue Cross & Blue Shield of Wisconsin, iCare Independent Care Health Plan, Molina Healthcare of Wisconsin, and UnitedHealthcare of Wisconsin (together, "Garnishee-Defendants"), pursuant to 28 U.S.C. § 3205, together with a proposed Writ of Garnishment, Notice of Garnishment, and proposed order. ECF Nos. 58, 58-2, 58-3, and 58-4. The United States' submission indicates that it demanded payment from Defendants in satisfaction of the default judgment "[n]ot less than 30 days" before it filed the instant application. ECF No. 58 at 2. The United States further represents that "[t]o date, Defendants have paid $0.00 towards the satisfaction of the judgment, leaving an outstanding balance as of April 1, 2024 of $2,476,803.33." *Id.*

The Court finds that the United States' application meets the requirements of 28 U.S.C. §§ 3202 and 3205.[1] It will therefore grant the United States' application and direct the Clerk of Court to issue Writs of Garnishment to each of the Garnishee-Defendants, and a Clerk's Notice of Garnishment to Defendants, using the submissions provided at ECF Nos. 58-3 and 58-4. The Court will further order that the United States serve the

---

[1] 28 U.S.C. § 3205(b)(1) requires that an application for a writ of garnishment include the judgment debtor's Social Security number. The United States' submission does not include Defendant's full Social Security number. *See generally* ECF No. 58 and attachments. The United States provides that it will specify the full number "to the defendant upon request, if necessary to comply with the Writ of Garnishment." ECF No. 58 at 1, n.1. The Court is satisfied that the United States has substantially complied with the applicable statutory requirement.

Writ of Garnishment and Notice of Garnishment and will adopt the other terms of the United States' proposed order, ECF No. 58-2.

Accordingly,

**IT IS ORDERED** that the United States' Application for a Writ of Garnishment, ECF No. 58, be and the same hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue Writs of Garnishment to the Garnishee-Defendants Wisconsin Department of Health Services, Anthem Blue Cross & Blue Shield of Wisconsin, iCare Independent Care Health Plan, Molina Healthcare of Wisconsin, and UnitedHealthcare of Wisconsin, and a Clerk's Notice of Garnishment to Defendants The Healing Corner, LLC and Dr. Siamak B. Arassi, using the submissions provided at ECF Nos. 58-3 and 58-4, and further shall provide the Writs of Garnishment and Notice of Garnishment to the United States; and

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §§ 3004 and 3205(c)(3), the United States shall serve the Garnishee-Defendants Wisconsin Department of Health Services, Anthem Blue Cross & Blue Shield of Wisconsin, iCare Independent Care Health Plan, Molina Healthcare of Wisconsin, and UnitedHealthcare of Wisconsin with a copy of the Application, the applicable Writ of Garnishment, the Clerk's Notice of Garnishment, and an answer form with instructions for compliance.

The United States shall serve the Writs of Garnishment to the Garnishee-Defendants pursuant to Rule 4.1 of the Federal Rules of Civil Procedure and may effect service by its agents, employees, or private process server or the United States Marshals Service.

After the Garnishee-Defendants have been served, the United States shall serve Defendants The Healing Corner, LLC and Dr. Siamak B. Arassi,

as well as each person whom the United States has reasonable cause to believe has an interest in the garnished property, pursuant to Rule 5 of the Federal Rules of Civil Procedure, with a copy of the Application, the Writs of Garnishment, the Clerk's Notice of Garnishment, and a form for requesting a hearing, claiming exemptions, and requesting a change of venue, along with instructions.

Unless otherwise ordered by this Court, the Writs of Garnishment shall be continuing and shall terminate only as provided in 28 U.S.C. § 3205(c)(7) or (10); and counsel for the United States shall certify that each person whom the United States has reasonable cause to believe has an interest in the property subject to the Writs of Garnishment has been served at least **twenty (20) days** before filing a motion for disposition under 28 U.S.C. § 3205(c)(7).

Dated at Milwaukee, Wisconsin, this 3rd day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge